Wood, J.
It is contended by the complainants, that the whole proofs disclose a fraudulent attempt to place this property beyond the reach of creditors. If so, the complainants arc entitled to relief. The law, says Mr. Justice Wilmot, breaks through all the forms with which fraud may surround itself, and exposes it, odious and hateful, to the public gaze. *At law, however, it has become a truism, that fraud must be proved. In equity, it is sometimes said, the rule is not so strict, but it is nevertheless certain that the evidence of facts and circumstances must be such that it can reasonably be inferred, or else, in legal parlance, it does not exist.
The substantial facts relied upon in the case at bar, by which fraud is attempted to be fixed upon the transaction, are:
1. The ties of blood between David Gr. and Jacob Williams.
*340 2. That David Gr. transferred the property, about the time he had reason to suppose the debts of the firm of Kellogg & Williams would be pressed for collection.
3. That he wrote to the eastern creditors, requesting time for payment, which, it may bo claimed, was a device to put them off their guard, until he could dispose of the property.
4. That an amount much larger than the debt due to Jacob Williams was transferred to -him.
5. That it was sold at auction to pay this debt.
It is recognized as a suspicious circumstance, when a debtor, in failing circumstances, passes his whole property into the possession of his near relations; but in this case, the consideration is proved to have been bona fide, beyond dispute, over $2,000 cash advanced. This transfer was legal, if honest, at any time before the law had taken the property into its custody, whatever might be the circumstances of David Gr. Williams. In writing to the eastern creditors for time, the letters show he offered to surrender the property, if the creditors desired it, but they declined. The amount transferred was directed to be sold gradually, at auction, not forced, and did not bring sufficient to pay the debt; and in cities, the auctioneer is a convenient and proper channel through whom property of this descripiton will frequently sell to the best advantage.
We do not, therefore, after the most mature deliberation, find evidence sufficient to declare this transaction fraudulent.
It is contended, however, that the complainants being creditors of the firm of Kellogg & Williams,' the debts of which *firm Williams had assumed to pay, they had a lien upon the partnership property, into whosoever hands it might pass, which might be enforced in equity. Is this so ? It is laid down in Story on Part., see. 358, that while the partnership is solvent and going on, creditors have no equity against the effects of the partnership; neither have they any lien on the partnership effects for their debts. There being no lien, and no equity in favor of creditors against partnership effects, it follows they are susceptible of being legally transferred bona fide, for a valuable consideration, to any persons whatever, and as well to other partners as mere strangers. The equity of creditors upon partnership property is, when sifted, as laid down in the books, only the equity of the partners, and can only be reached or worked out, as it is said, through *341 them. It appears to me, then, clearly, if these goods passed, on the dissolution of the partnership of Kellogg and Williams, to .David G. Williams, bona fide, and for a valuable consideration, from him again, to Williams and Stokes, and from them to David G-. Williams, and thence to Jacob Williams, in the same bona fide manner and for a like consideration, they are beyond the reach of the complainants.
But it is said, the transfer to Jacob Williams is fraudulent, under the act of February 23, a. d. 1835, being an assignment in trust. But this is clearly not so. It.is an absolute conveyance to pay Jacob Williams his debt, and is not, therefore, within the provisions of that act. Bill dismissed.